IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01314-MSK-KLM

JONATHAN LEE VERNIER,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Transfer Venue** [#33][1]

(the "Motion").  Plaintiff filed a Response [#35] to the Motion indicated that he does not

oppose the requested relief.  Pursuant to 28 U.S.C. § 636(b) and D.C.COLO.LCivR

72.1C.3, the Motion has been referred to this Court for recommendation [#34].[2]  The Motion

is thus ripe for resolution.  The Court has reviewed these filings, the case record, and the

applicable law, and is fully advised in the premises.  For the reasons stated below, the

Court respectfully **RECOMMENDS** that the Motion [#33] be **GRANTED**.

Plaintiff is presently an inmate in the custody of the Federal Bureau of Prisons

_____

[1]  "[#33]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  The Court uses this convention throughout this Minute Order.

[2]  Pursuant to D.C.COLO.LCivR 72.3A., a motion for transfer or for change of venue is a dispositive motion and therefore requires a Recommendation to be issued when referred to a United States Magistrate Judge.

("BOP") in Colorado.  This case involves a negligence action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 *et seq.*  *See Am. Compl.* [#10].   However, the events underlying this claim occurred while Plaintiff was incarcerated at the Federal Correctional Center in Coleman, Florida ("FCC Coleman"), where he allegedly slipped and fell because of the BOP's negligence.  *Id.* at 13-15.  As a result, Plaintiff asserts that he suffered various physical injuries and seeks monetary damages.  *Id.* at 21-23.  Defendant seeks to transfer this action to the United States District Court for the Middle District of Florida, the district in which FCC Coleman is located, pursuant to 28 U.S.C. § 1404(a).  *Motion* [#33] at 1.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."  28 U.S.C. § 1404(a).  "The decision whether to transfer an action lies within the sound discretion of the trial judge."  *Telecomm. Sys., Inc. v. TracBeam, L.L.C.*, No. 11-cv-02519-WYD-MJW, 2012 WL 371578, at *1 (D. Colo. Feb. 6, 2012) (citing *Tex. E. Transmission Corp. v. Marine Office–Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978)).   The Court evaluates requests for transfer "according to an individualized, case-by-case consideration of convenience and fairness."  *Telecomm. Sys., Inc.*, 2012 WL 371578 at *1 (internal quotation and citations omitted).

Having reviewed the unopposed Motion, the Court finds that the case should be transferred to the United States District Court for the Middle District of Florida because it will promote the convenience of the parties and witnesses and further the interest of justice, as required by section 1404(a).  *See, e.g.*, *Gross v. Silverberg*, No. 10-cv-00687-REB-BNB, 2011 WL 723104, at *1 (D. Colo. Feb. 23, 2011) (granting the plaintiffs' unopposed motion for transfer of venue pursuant to 28 U.S.C. § 1404(a)).  In short, for the reasons more fully

stated by Defendant in the Motion [#33], the Court agrees that the action could have been initially brought in the Middle District of Florida and that convenience, justice, and fairness require the transfer of this action to the Middle District of Florida because (1) it is the most convenient forum for witnesses; (2) documentary evidence is more easily obtained in the Middle District of Florida; (3) compulsory process is available in the Middle District of Florida; (4) the cost of litigation will likely be reduced in the Middle District of Florida; and (5) assuming that Florida law applies to Plaintiff's claims, Florida courts are more familiar with the applicable law. *See Motion* [#33]. Accordingly,

IT IS HEREBY **RECOMMENDED** that the Motion [#33] be **GRANTED** and that this action be **TRANSFERRED** to the United States District Court for the Middle District of Florida for all further proceedings.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: February 25, 2014

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge